LIFE INDUSTRIES CORPORATION, Plaintiff,

v.

STAR BRITE DISTRIBUTING, INC., Defendant.

No. CV 91–1659.

United States District Court, E.D. New York.

Sept. 22, 1993.

Bauer & Schaffer, by Murray Schaffer, Mineola, NY, for plaintiff.

Moritt, Hock & Hamroff by Robert S. Cohen, Hempstead, NY, Berger & Shapiro, P.A., Fort Lauderdale, FL, for defendant.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

WEXLER, District Judge.

On July 28, 1993, this Court issued Findings of Fact and Conclusions of Law in which it found that Star Brite Distributing, Inc.'s ("Star Brite's" or "Defendant's") polysulfide caulking product, Boat Caulk, intentionally infringed upon the trade dress of Life Industries Corporation's ("Life's" or "Plaintiff's") polysulfide caulking product, Boatlife Life Calk in violation of the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, commonly known as the Lanham Act.[1] Although Plaintiff failed to prove actual damages, the Court awarded nominal damages for that violation. However, the Court also found (1) that Plaintiff was not entitled to attorney's fees because, *inter alia*, Star Brite did not act with "willful deception" and because Life failed to prove actual damages or actual consumer confusion; and (2) Plaintiff was not entitled to injunctive relief because it voluntarily abandoned its trade dress as to Boatlife Life Calk by using a new and distinctly different trade dress for that product in the domestic market. Now before the Court is Plaintiff's motion, apparently made under Rule 59(e) of the Federal Rules of Civil

Procedure, to alter or amend the final judgment by enjoining Defendant from continuing to use its current trade dress for Boat Caulk and for attorney's fees. For the reasons that follow, the motion is granted in part and denied in part.

## DISCUSSION

■ Upon consideration of the parties' papers on this motion, and upon reconsideration of the trial transcript and exhibits, this Court adheres to its original decision denying Plaintiff an award of attorney's fees.

As to its requested injunctive relief, Plaintiff now contends that even though it changed Boatlife Life Calk's trade dress for the domestic market, it is nevertheless entitled to an injunction against Star Brite because Plaintiff continues to use the same color scheme and design in the packaging of many of its other marine products that it had previously used on Boatlife Life Calk. In response, Defendant argues that the testimony of Louise Schmidt ("Schmidt"), Plaintiff's president, shows that Life abandoned its trade dress on its entire line of products for the domestic market. In reviewing Schmidt's testimony and placing that testimony in the context of all the other evidence adduced at trial, this Court finds that Plaintiff changed its trade dress *only* with respect to Boatlife Life Calk, and not as to its complete line of marine products. Thus, Plaintiff did not abandon its trade dress.

■ To establish abandonment of a trademark, a defendant would have to show both actual non-use and the intent to abandon. *Saratoga Vichy Spring Co., Inc. v. Lehman,* 625 F.2d 1037, 1043–44 (2d Cir.1980). " 'Where a registrant discontinues to use a trade-mark on a certain product, he will not be held to have abandoned the mark if he continues to use the mark on related items, and if the discontinued product is one which would still be thought by the buying public to come from the same source....' " *Lucien Piccard Watch Corp. v. Crescent Corp.,* 314 F.Supp. 329, 333 (S.D.N.Y.1970) (quoting *Robinson Co. v. Plastics Research and De-*

---

1. The Court assumes familiarity with the facts of this case. For greater details, see *Life Inds. Corp.* *v. Ocen Bio–Chem, Inc.,* 827 F.Supp. 926 (E.D.N.Y.1993).

**56**

velopment Corp., 264 F.Supp. 852, 863 (W.D.Ark.1967)); *see also Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 439 F.Supp. 1022, 1052 (D.Delaware 1977) (holding that there was no abandonment where the plaintiff discontinued manufacture of certain products containing its mark, but continued to sell existing inventory and continued to use the mark on other products). *Cf. Sheila's Shine Products, Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 124 (5th Cir.1973) (abandonment of trademark in one state does not constitute abandonment in all states).

Defendant also notes that Plaintiff did not file this suit for approximately two years from its discovery of Star Brite's infringement. However, "[n]on-use means much more than failure to prosecute promptly trademark infringements, and even total, but temporary non-use of a name has, at times, been found insufficient to support a finding of abandonment." *United States Jaycees v. Philadelphia Jaycees*, 639 F.2d 134, 139 (3rd Cir.1981) (citing *Beech–Nut Packing Co. v. P. Lorillard Co.*, 273 U.S. 629, 47 S.Ct. 481, 71 L.Ed. 810 (1927)); *see Huber Baking Co. v. Stroehmann Bros. Co.*, 252 F.2d 945, 957 (2d Cir.1958) (non-use of mark for three year period "would not constitute abandonment in the absence of an intent to abandon the trademark"); *Kardex Systems, Inc. v. Sistemco N.V.*, 583 F.Supp. 803, 815 (D.Maine 1984) (same).

### CONCLUSION

Accordingly, upon reconsideration, this Court now finds that Plaintiff did not abandon its trademark. Moreover, although Plaintiff's current packaging for its Boatlife Life Calk for sales within the United States is not similar to the packaging of Star Brite's Boat Caulk, this Court finds a likelihood of consumer confusion regarding whether Boat Caulk is a Life product because Boat Caulk's trade dress is very similar to the trade dress used by various of Life's marine products. Furthermore, the Court finds that this confusion was part of an intentional decision by Star Brite to benefit from Life's goodwill. Therefore, Star Brite is hereby permanently enjoined from manufacturing and advertising Boat Caulk in its current packaging. Star

Brite may, however, continue to sell its current stock of Boat Caulk.

SO ORDERED.